IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. SCANLIN, | : | 4:06-CV-01915 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| SOLDIERS & SAILORS MEMORIAL | : | |
| HOSPITAL, et al. | : | |
| | : | |
| Defendants. | | |

**O R D E R**

January 17, 2007

Before the court are several motions filed by all named defendants

requesting dismissal of this action pursuant to Federal Rule of Civil Procedure

12(b)(1), 12(b)(5), 12(b)(6) and 41(b).  In the alternative, defendants move for a

more definite statement under F.R.C.P. 12(e).  Because plaintiff's unintelligible

complaint fails to allege facts sufficient to support our subject matter jurisdiction,

we will dismiss the complaint and grant the plaintiff leave to amend within twenty

days.  Failure to amend within twenty days will result in dismissal of this action.

**BACKGROUND:**

On September 27, 2006, the plaintiff filed pro se this instant matter against

defendants Soldiers & Sailors Memorial Hospital, Laurel Health System, Guthrie

Health Clinic L.T.D., Gregory A. Cetton, M.D. ("Cetton"), Lisa Lynelle Harpst

("Harpst"), M.D., Pennsylvania College of Technology, and Tioga Health Care

Providers, Inc.[1]  Plaintiff lists each defendant and himself as residents of

Pennsylvania. Writing in stream of consciousness fashion, the plaintiff alleges that

on May 14, 2006, he experienced episodes of vomiting and diarrhea.  He checked

himself into defendant Soldiers & Sailors Memorial Hospital for treatment, and

was released into his son's custody several days later on May 17, 2006.

Although it is difficult to discern from plaintiff's disorganized, rambling

complaint what exactly happened during his stay at the hospital, it seems as though

he was x-rayed, given an endoscopic procedure, and also received a colonoscopy.

He alleges that several students from Pennsylvania College of Technology were

present during his colonoscopy.  Although plaintiff concedes he gave the doctors

permission to perform the colonoscopy, and that he further gave the students

permission to watch the examination, he allegedly told the doctors that he believed

his whole experience at the hospital had been a staged "teaching experience" for

the students.  He states that after making such a comment, he received a lucidity

test from Doctor Cetton.  Shortly afterwards, plaintiff threw ice water on those

------

[1] Plaintiff mistakenly referred to Guthrie Health Clinic as "Guthrie Health
Services," and Lisa Lynelle Harpst as "Lynnette L. Harpst."

surrounding his bed, and was later allegedly threatened by a hospital social worker before he was released from the hospital.  Plaintiff alleges that defendants impermissibly kept him at the hospital for four days, not allowing him to leave until his son had arrived to pick him up.  He also seems to suggest that defendants drugged him, which caused hallucinations.

Based on these allegations, plaintiff avers that "irreparable brain damage has been done to the plaintiff."  Complaint, Rec. Doc. No. 1, p.4.  He asserts that defendants intentionally denied him "his civil rights, medicare rights, veteran rights and patient's rights" by submitting him to unwanted medical procedures, and by holding him against his wishes so that students from Pennsylvania College of Technology could receive "hands on" experience.  Id. at 2.  Plaintiff requests  that defendants hand over documents that would be relevant to his stay at the hospital.

The defendants have filed several motions requesting that plaintiff's complaint be dismissed.  Defendants Soldiers & Sailors Memorial Hospital, Laurel Health System, and Tioga Health Care Providers, Inc. move to dismiss under F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, and also move to strike plaintiff's complaint for failure to comply with F.R.C.P. 8(a)'s pleading requirements.  Defendant Pennsylvania College of Technology likewise makes these motions, and also moves under F.R.C.P. 12(b)(6) and 12(e), asserting that

plaintiff fails to state a cause of action and lacks a definite statement.  Defendants

Cetton, Harpst, and Guthrie Clinic also filed F.R.C.P. 12(b)(6) and 12(e) motions.

All defendants filed a F.R.C.P. 12(b)(5) motion arguing that plaintiff failed to

serve the parties properly with his complaint.  Finally, all defendants except

Pennsylvania College of Technology filed a F.R.C.P. 41(b) motion requesting

involuntary dismissal of plaintiff's complaint because plaintiff failed to file a

certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3.

Plaintiff has filed several responses to these motions, which also are

disorganized and rambling.  Plaintiff suggests in his responses that his claim is one

against unlawful search and seizure and invasion of privacy.  He also states that

social security and veteran's law is somehow implicated in this case.  He also

alleges that Pennsylvania College of Technology is somehow affiliated with the

hospital.  Finally, he realleges that he was given hallucinogenic drugs without his

knowledge.  He urges that discovery is necessary and dismissal would be

premature.

**DISCUSSION:**

## I.  Legal Standard

If a party asserts several objections and defenses to a complaint, including a

F.R.C.P. 12(b)(1) defense for lack of subject matter jurisdiction, "the cases are

legion stating that the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge." 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1350 at 154-55 (2004); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). Pursuant to 28 U.S.C. §§ 1331 and 1332, federal question and diversity of citizenship jurisdiction are the two typical ways in which a plaintiff can establish subject matter jurisdiction.

A motion to dismiss under Rule 12(b)(1) may make either a facial or factual challenge to subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion makes a facial attack and argues the complaint fails to allege facts sufficient to establish subject matter jurisdiction, then the court must consider all the allegations in the complaint as true. Id. If a party makes a factual challenge asserting there are no facts, alleged or otherwise, that would support subject matter jurisdiction, then the court may inquire into facts outside the pleadings and the plaintiff's complaint enjoys no presumptive truthfulness. Id.

When considering either type of subject matter jurisdictional challenge, the court must construe a complaint broadly and liberally, particularly when dealing

with a pro se plaintiff. 5B Wright & Miller, Federal Practice and Procedure: Civil

3d § 1350 at 180-81 (2004). Nevertheless, because the issue of federal subject

matter jurisdiction is so paramount to the integrity of the federal judicial system,

courts will not give credit to mere conclusory allegations. Id. at 181-85. Courts

that have found a plaintiff failed to allege facts sufficient to establish subject matter

jurisdiction may dismiss the complaint and grant plaintiff leave to amend within a

prescribed period of time. Id. at 203-4. Failure to meet that prescribed time

period, however, may result in entry of final judgment. See John Birch Soc. v.

Nat'l Broad. Co., 377 F.2d 194 (2d Cir. 1967) (upholding district court's refusal to

accept amended complaint after district court gave plaintiff an opportunity to cure

jurisdictional defect and plaintiff missed the deadline).

## II. Failure to Plead Subject Matter Jurisdiction

Although not stated explicitly, defendants' 12(b)(1) motions seem to

represent a facial challenge to subject matter jurisdiction. Therefore, we accept as

true all facts alleged in plaintiff's complaint. Defendants argue that plaintiff has

alleged no facts whatsoever to establish subject matter jurisdiction, either through

diversity of citizenship or federal question jurisdiction.

We agree. First, there are no facts at all that would establish diversity of

citizenship jurisdiction. To establish diversity of citizenship, a plaintiff must plead

a matter in controversy exceeding $75,000 between citizens of different states. 28

U.S.C. § 1332. Not only are there no facts alleged that suggest plaintiff seeks more

than $75,000 in damages, plaintiff makes no suggestion whatsoever that he and the

defendants are citizens of different states. In fact, plaintiff indicates that all parties

are citizens of the same state by alleging they are all residents of Pennsylvania,

which, if true, would mean factually plaintiff's complaint cannot meet diversity of

citizenship requirements. Regardless, at the very least, plaintiff's complaint is

facially deficient regarding diversity of citizenship jurisdiction.

As for establishing federal question jurisdiction, we also find plaintiff's

complaint facially deficient. To assert federal question jurisdiction, the plaintiff

must plead a civil action that arises under the Constitution, laws, or treaties of the

United States. 28 U.S.C. § 1331. In conclusory fashion, plaintiff states that the

defendants' actions violated his "civil rights, medicare rights, veteran rights and

patient's rights." In his response to defendants' motions, plaintiff also states in

conclusory fashion that the "U.S. Constitution protects against searches and

seizures and unwanted invasions of privacy," and that his social security and

veteran's rights are somehow implicated in his complaint. (Rec. Doc. No. 30).

We simply cannot discern from plaintiff's complaint any facts that would

support these conclusory statements. Liberally construing plaintiff's complaint

and making all reasonable inferences, at best plaintiff asserts that the hospital

drugged him, threatened him, and kept him against his will after he willingly had

surgery.[2]   It appears he intends these facts to support a 42 U.S.C. § 1983 claim[3] for

violation of his Fourth Amendment Rights against search and seizure and also a

claim for invasion of privacy.   To make such claims, however, the plaintiff must

assert a party acted under "color of law" - i.e. the party allegedly violating

plaintiff's rights much be a state actor, not a private party.  See 42 U.S.C. § 1983.

There is no indication from plaintiff's complaint that the hospital is a state actor or

in any way assumed the role of a state actor.  The only presumable state actor

would be Pennsylvania College of Technology, which is a state college.  However,

plaintiff's allegations against this defendant do not suggest it in any way violated

plaintiff's Fourth Amendment Rights.  The mere presence of its students during

plaintiff's surgery does not implicate the Fourth Amendment in any way.  With

---

[2] We recognize that plaintiff also suggests in his complaint that defendants engaged in misconduct by staging his stay for the purpose of teaching students at Pennsylvania College of Technology.  This allegation, which again is made in conclusory fashion, is simply not supported by any fact alleged in his complaint. There are no facts to suggest that plaintiff was given surgery solely for the teaching of the students, nor is there an indication that he was kept solely for the teaching of students.  In fact, he admits in his complaint that he voluntarily entered the hospital, agreed to all surgery, and that he agreed to the student's presence.

[3] 42 U.S.C. § 1983 is the statutory vehicle used to bring forth claims that a person's constitutional rights had been violated.

nothing more alleged, we cannot discern how the hospital's actions or the college's

actions would violate federal - as opposed to state - law.  Any attempt on our part

to make such a determination would be a mere guess, and a guess is not a sufficient

basis to determine federal subject matter jurisdiction.  The same is true for

plaintiff's claims that his social security and veteran's rights were violated.  While

we recognize a pro se plaintiff is entitled to deference, we find this plaintiff's

complaint to be too vague to pass muster. [4]

        For these reasons, we find plaintiff's complaint fails to plead facts sufficient

to establish subject matter jurisdiction and thus we will grant defendants Soldiers

& Sailors Memorial Hospital, Laurie Health Systems, Tioga Health Care Providers,

Inc., and Pennsylvania College of Technology's Rule 12(b)(1) motion.  Although

defendants Cetton, Harpst, and Guthrie Clinic did not file a Rule 12(b)(1) motion,

we find, as we are required to do,  sua sponte that the complaint fails to allege

subject matter jurisdiction against these defendants.  See Desi's Pizza Inc. v. City

of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003) (noting court has obligation to

consider subject matter jurisdiction even when party does not raise defense itself).

Because we dismiss this matter based on lack of subject matter jurisdiction, we will

---

        [4] We note that plaintiff is hardly a novice when it comes to filing lawsuits in
federal court.  Including this lawsuit, plaintiff has filed eleven civil actions with
this court alone.

not reach the merits of defendants' other defenses.[5]

Because plaintiff is a <u>pro</u> <u>se</u> litigant, however, we will permit him to amend his pleading and cure his original complaint's jurisdictional defect. Plaintiff will have until February 6, 2007 - twenty days from the date of this order - to file an amended complaint. If plaintiff fails to file an amended complaint by this date, the court will enter final judgment and close the case file. <u>See</u> <u>John Birch Soc. v. Nat'l Broad. Co.</u>, 377 F.2d 194 (2d Cir. 1967).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendants Soldiers & Sailors Memorial Hospital, Laurel Health System, Tioga Health Care Providers, Inc., and Pennsylvania College of Technology's Federal Rule of Civil Procedure 12(b)(1) Motions to Dismiss for Lack of Subject Matter Jurisdiction are granted. (Doc. Rec. Nos. 10, 15, and 23).

2.  Plaintiff's complaint is dismissed against all defendants for failure to allege sufficient facts to support subject matter jurisdiction.

---

[5] While we do not reach the merits of defendants' other arguments, we note that if plaintiff intends to file an amended complaint, it would be in his best interest to consider strongly the defects defendants point out regarding his original complaint. For instance, it does appear that plaintiff's service of the complaint has been deficient. To avoid repeating the same mistake, plaintiff should reread the June 19, 2006 order this court entered in one of plaintiff's other lawsuits, <u>Scanlin v. TD Waterhouse, Inc.</u>, 05-cv-2458.

3.      Plaintiff has until February 6, 2007 to file an amended complaint that

sufficiently alleges subject matter jurisdiction.  Failure to do so will

result in dismissal of this action.


                                        s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge